## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson,<br><br>Plaintiff,<br><br>v.<br><br>FindJodi.com Inc., Nonprofit, et al.,<br><br>Defendants. | Case No. 0:20-cv-0353-SRN-ECW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Tony Dejuan Jackson, Reg. No. 197562, MCF-Stillwater, 970 Pickett St. N., Bayport, MN 55003, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Tony Dejuan Jackson's Objection [Doc. No. 7] to the Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Cowan Wright, dated July 7, 2020 [Doc. No. 6]. In the R&R, Magistrate Judge Wright recommended that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b), and that Jackson's Motion for Appointment of Counsel [Doc. No. 3] and Motion Requesting the Court to Enjoin Exhibits from Previously Filed Civil Cases Regarding Conditions of Confinement [Doc. No. 4] be denied as moot.

In the same document filing as his Objection to the R&R, Jackson seeks to amend the Complaint [Doc. No. 7 at 5–23[1]], and moves for an emergency injunction [*id.* at 1–4],

---

[1] The Court's citations to specific page numbers in ECF Number 7 are to the page numbers found on the docketing banner at the top of the page, as opposed to the internal citations found at the bottom of each page.

and a temporary restraining order [*id.*]. In addition, he has filed two separate motions: (1) Motion Requesting an Order That Adopts the Relation Back Amendments [Doc. No. 12]; and (2) Motion Requesting that the Court [Ac]cept Newly Produced Direct Evidence [Doc. No. 13].

For the reasons set forth below, the Court adopts the R&R, overrules Jackson's Objection, and denies his motions as moot.

## I.     BACKGROUND

Plaintiff is a Minnesota state court prisoner, serving a life sentence for criminal sexual conduct. In January 2020, he filed the instant action pursuant to 42 U.S.C. § 1983 against a non-profit organization, state officials, and state entities. In Jackson's initial Complaint [Doc. No. 1], he primarily alleged that false statements about the disappearance of a missing person had been made about him on a private website, and he also alleged that Defendants conspired to unlawfully convict and sentence him.

Upon filing this lawsuit, Plaintiff also applied for *in forma pauperis* ("IFP") status [Doc. No. 2]. On April 1, 2020, Magistrate Judge Wright reviewed the Complaint pursuant to 28 U.S.C. § 1915 and found that Plaintiff was ineligible for IFP status. (Apr. 1, 2020 Order [Doc. No. 5] at 1–3.) She also found that Jackson's claims challenging his convictions were improperly joined under Fed. R. Civ. P. 20, as they had nothing to do with his claims concerning allegedly false statements on the website. (*Id.* at 2.) Moreover, she found the claims that challenged the validity of his convictions were further foreclosed by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Apr. 1, 2020 Order at 2.) And, to the extent Jackson argued that he was subject to physical danger simply due to his imprisonment,

Magistrate Judge Wright noted that § 1915(g) applies only in the context of prisoner litigation. (*Id.*) Thus, she found that being a prisoner is not enough, by itself, to invoke the imminent-danger exception to § 1915(g). (*Id.*)

Because the magistrate judge denied Plaintiff's IFP motion, she ordered him to pay the full filing fee of $400 for this action by no later than April 28, 2020, failing which, she would recommend that the matter be dismissed without prejudice for failure to prosecute. (*Id.* at 3.) In the R&R, Magistrate Judge Wright noted that Jackson had failed to pay the filing fee. (R&R at 1.) Accordingly, in accordance with her April 1 Order, she recommended the dismissal of this action without prejudice, and the denial of two motions, pending at that time, as moot. (*Id.* at 2.)

Jackson timely filed his Objection to the R&R on July 17, 2020. In his Objection, he argues that the imminent-danger exception under § 1915(g) applies, citing the threat of COVID-19 in prison, and therefore, he is eligible for IFP status. (Obj. at 18–19.) His arguments concerning COVID-19 also appear to form the basis for his efforts to amend the Complaint, and, he argues, render the R&R moot. (*Id.* at 5.)

While Jackson's Objection to the R&R was pending, on August 6, 2020, he filed the First Amended Complaint [Doc. No. 11]. His allegations in the First Amended Complaint include his prior allegations related to false statements and conspiracy. (First Am. Compl. at 13–31; 52–75.) He also alleges that conditions at MCF-Stillwater are generally unsafe, and particularly unsafe regarding COVID-19, and that certain restrictive measures at MCF-Stillwater related to the COVID-19 pandemic impede his ability to perform legal research and visit with outside guests. (*Id.* at 7–12, 32–51.)

3

## II.   DISCUSSION

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive motions to which specific objections have been made. Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

As the magistrate judge noted in her April 1, 2020 Order, a person who is unable to pay the filing fees for a civil action in federal court may apply for IFP status. 28 U.S.C. § 1915. However, certain restrictions are placed on prisoners who seek IFP status. Among the restrictions, the statute provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g).

Plaintiff has incurred at least three "strikes" on prior occasions. *See Jackson v. Roy*, No. 11-CV-3738 (DSD/JJK) (D. Minn. Feb. 21, 2012); *Jackson v. Roy*, No. 11-CV-3739 (DSD/JJK) (D. Minn. Feb. 21, 2012); *Jackson v. Roy*, No. 11-CV-3740 (DSD/JJK) (D. Minn. Feb. 27, 2012); *see also Jackson v. Dayton*, 17-CV-880 (WMW/TNL) (D. Minn. Aug. 3, 2018); *Jackson v. Walz*, 19-CV-2612 (JNE/LIB), (D. Minn. Mar. 24, 2020).

As noted, Jackson has styled the single document found at ECF Number 7 as an objection, amended complaint, and two motions. However, the Court construes this document as his Objection to the R&R, and not as an amended pleading. Jackson does not appear to object to the magistrate judge's finding that he has three or more prior strikes

against him, but argues that the COVID-19 pandemic has impeded his ability to bring a non-frivolous claim concerning his conditions of confinement. (Obj. at 6.) He contends that due to the COVID-19 pandemic, he is under imminent danger of death and physical harm, and is therefore eligible for IFP status under the imminent-danger exception to § 1915(g). (*Id.*)

The Court views the First Amended Complaint as the operative pleading here, although it was not the pleading before the magistrate judge at the time she issued the R&R. Under Fed. R. Civ. P. 15, Jackson filed the First Amended Complaint as a matter of course. However, the filing of the First Amended Complaint does not render the R&R moot, as Jackson argues. (Obj. at 5.) The primary allegations in the First Amended Complaint, like the initial Complaint, concern allegedly false and slanderous or defamatory statements made on a website. (First Am. Compl. at 13–31; 52–75.) In the First Amended Complaint, Jackson also asserts claims challenging his conviction and the COVID-19-related conditions at MCF-Stillwater. (*Id.* at 7–12, 32–51.) Because this lawsuit began with Jackson's website-related claims, the Court considers the claims challenging his conviction and the COVID-19 claims in the First Amended Complaint to be improperly joined with the website-related claims under Fed. R. Civ. P. 20. These claims do not arise from the same events as the website claims, nor do they involve a common question of law or fact as to the website claims. Accordingly, the improperly joined claims are dismissed without prejudice. In addition, the Court agrees with the magistrate judge that Jackson's claims challenging the validity of his convictions are foreclosed by *Heck*, 512 U.S. at 477.

As to the website-related claims, the Court agrees with the magistrate judge that Jackson is in no imminent danger of serious physical harm as a result of the allegedly false website statements. (Apr. 1, 2020 Order at 2.) And, as Magistrate Judge Wright also correctly observed, the mere fact of imprisonment is insufficient to invoke the imminent-danger exception, since § 1915(g) only applies to prisoners. (*Id.*)

Jackson is therefore ineligible for IFP status and has failed to pay the $400 filing fee by the deadline set forth in the April 1, 2020 Order. Accordingly, the Court adopts the R&R, and overrules Jackson's Objection. His claims are dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and his pending motions are denied as moot.

**III. ORDER**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report & Recommendation dated July 7, 2020 [Doc. No. 6] is **ADOPTED**;
2. Plaintiff's Objection [Doc. No. 7] is **OVERRULED**, and his Motion for Emergency Injunction [Doc. No. 7] and his Motion for Temporary Restraining Order [Doc. No. 7] are **DENIED AS MOOT**;
3. Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED AS MOOT**;
4. Plaintiff's Motion Requesting the Court to Enjoin Exhibits [Doc. No. 4] is **DENIED AS MOOT**;
5. Plaintiff's Motion Requesting a Court Order That Adopts the Relation Back Amendments [Doc. No. 12] is **DENIED AS MOOT**;

6. Plaintiff's Motion Requesting that the Court [Ac]cept Newly Produced Direct Evidence [Doc. No. 13] is **DENIED AS MOOT**; and

7. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: August 21, 2020    s/Susan Richard Nelson
　　　　　　　　　　　　　　 SUSAN RICHARD NELSON
　　　　　　　　　　　　　　 United States District Judge